**Exhibit B**

*EEOC Charge of Discrimination (Charge No. 460-2026-05401)*

**EXHIBIT B**

EEOC No. 460-2026-05401 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06 24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 460-2026-05401 |
| Texas Workforce Commission Civil Rights Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Ronald Blair

Phone No.: 717-808-4671
Year of Birth: 1962
Mailing Address: 2725 Woodall Drive
Unit 1804
Cedar Park, TX 78613

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Winsupply Inc.
No. Employees, Members: 15 or more Employees
Phone No.: (937) 294-5331
Mailing Address: 3110 Kettering Blvd.
Dayton, OH 45439-1924


and


Name: Winsupply NE San Antonio TX Co # 389
No. Employees, Members: 15 or more Employees
Phone No.: (210) 666-2242
Mailing Address: 4210 N IH-35, Suite 201
San Antonio, TX 78218

DISCRIMINATION BASED ON:

Sex, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 07 21 2025
Latest: 01 15 2026

THE PARTICULARS ARE:

During my employment with Respondents as an Outside Sales and Business Development employee, I was subjected to repeated inappropriate and hostile conduct by a managerial employee, including sexually suggestive gestures, comments, and behavior occurring in workplace settings and in the presence of others, including customers. This conduct was unwelcome and created a hostile and offensive work environment.

EEOC No. _ ___ ___ __  FEPA No.

During my employment, I objected to and opposed this conduct and raised concerns regarding both the hostile work environment and compensation practices that did not conform to agreed terms. These objections were made directly to management.

Shortly after Respondents became aware of my protected activity, I suffered a tangible adverse employment action when I was terminated on January 15, 2026.

Following my termination, I am aware that Respondents made negative and damaging statements about me to third parties in the industry, including statements that I was "litigation prone," had "sued everyone," and would create legal problems for any company that engaged with me. These statements interfered with my prospective employment opportunities.

I believe that I was discriminated against based on my sex, subjected to a hostile work environment, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC No. __ _____ __ | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Signed By:
Mr. Ronald Blair
s Ronald A. Blair
04 06 26
Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary___ _____ _____ __ ___ ____ ___ ___ __ ___
Printed Name __ ____ _____ _ __ ____ __ __ ___

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.