**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RONALD A. BLAIR** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **Case No: 1:26-cv-01216 RP** |
| | § | |
| **WINSUPPLY NE SAN ANTONIO TX CO.; WINSUPPLY INC.; AND MARC CLEERE, INDIVIDUALLY.** | § | |
| | § | |
| *Defendants.* | | |

**DEFENDANT'S FIRST AMENDED ANSWER AND STATEMENT OF DEFENSES OF WINSUPPLY INC.**

Defendant WINSUPPLY INC. ("Defendant") hereby submits this First Amended Answer and Statement of Defenses in response to Plaintiff's Complaint. Because the Complaint contains numerous assumptions and argumentative assertions, each and every allegation of the Complaint (including each and every assumption implicit therein) is hereby denied, except to the extent expressly admitted below. Defendant responds to the particular allegations of the Complaint as follows:

## I.
## NATURE OF THE ACTION

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

**II.**
**PARTIES**

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Winsupply NE San Antonio Tx Co. is a foreign for-profit corporation organized under the laws of Delaware, is registered to do business in Texas, and that it may be served with process through its registered agent, Corporation Service Company d/b/a CSC — Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Winsupply NE San Antonio Tx Co. was Plaintiff's employer and denies the remaining allegations in Paragraph 12 of the Complaint.

**III.**
**JURISDICTION AND VENUE**

13. To the extent that Plaintiff's Title VII claims did not and could not have reasonably been expected to grow out of the allegations contained in the Charge of Discrimination filed by Plaintiff with the United States Equal Employment Opportunity Commission, Defendant denies that Plaintiff has timely exhausted his administrative remedies as to his Title VII claims. Defendant admits the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## IV.
## FACTUAL BACKGROUND

### A. Pre-Employment Context and Hiring Rationale

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits that Marc Cleere knew that Plaintiff had previously been involved in employment-related litigation with Ferguson Enterprises and that Mr. Cleere understood the litigation was completed and no longer pending. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

### B. Early Employment and Performance

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

### C. Workplace Harassment and Hostile Conduct

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

**D. Plaintiff's Compensation Structure and Wage Complaints**

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint .

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint .

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint .

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant admits that Roger Lewis and Rob Ferguson were members of Defendant Winsupply NE San Antonio Tx Co.'s Board of Directors. Defendant denies the remaining allegations in Paragraph 50 the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

### E. Termination

54. Defendant admits that Plaintiff's employment was terminated on January 15, 2026. Defendant denies the remaining allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

### F. Post-Termination Statements, Interference, and Resulting Economic Harm

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Complaint and therefore denies them.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Complaint and therefore denies them.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Complaint and therefore denies them.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 61 of the Complaint and therefore denies them.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint and therefore denies them.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Complaint and therefore denies them.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Complaint and therefore denies them.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 of the Complaint and therefore denies them.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

## V.
## CAUSES OF ACTION

Defendant acknowledges that Plaintiff does not assert Title VII claims against Defendant Cleere individually but asserts state law claims against him. To the extent this paragraph asserts any allegations against Defendant, Defendant denies.

## COUNT I BREACH OF CONTRACT - FAILURE TO PAY EARNED WAGES
## (Texas Common Law)
## (Against Winsupply NE San Antonio TX Co. and Winsupply Inc. Only)

83. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 82 of Plaintiff's Complaint as if fully set forth herein.

### A. Existence of Contract and Compensation Terms

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

### B. Plaintiff's Performance

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

### C. Defendants' Breach

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

### D. Damages

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

## COUNT II
## TITLE VII - RETALIATION
## (42 U.S.C. § 2000e-3)
## (Against Winsupply NE San Antonio TX Co. and Winsupply Inc. Only)

92. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 91 of Plaintiff's Complaint as if fully set forth herein.

### A. Protected Activity

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

### B. Employer Knowledge

96. Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

### C. Adverse Employment Action

98. Defendant admits Plaintiff's employment was terminated January 15, 2026 by Winsupply NE San Antonio Tx Co. Defendant denies the remaining allegations of Paragraph 98 of the Complaint.

### D. Causal Connection

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

### E. Willfulness and Punitive Damages

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

### F. Damages

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

## COUNT III
## TITLE VII - HOSTILE WORK ENVIRONMENT (SEXUAL HARASSMENT)
## (42 U.S.C. § 2000e-2)
## (Against Winsupply NE San Antonio TX Co. and Winsupply Inc. Only)

109. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 108 of Plaintiff's Complaint as if fully set forth herein.

### A. Protected Class and Coverage

110. Defendant admits Plaintiff was an employee of Winsupply NE San Antonio Tx Co. for the period beginning July 21, 2025, and ending January 15, 2026. Defendant denies that Plaintiff was employed by Defendant Winsupply Inc.

111. Defendant admits that Winsupply NE San Antonio Tx Co. employed Plaintiff. Defendant denies the remaining allegations in Paragraph 111 of the Complaint.

### B. Unwelcome Conduct

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

### C. Conduct Based on Sex

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

### D. Severe or Pervasive Conduct

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

### E. Employer Liability

119. Defendant admits that Defendant Cleere was Plaintiff's direct supervisor and had authority over Plaintiff's compensation, job responsibilities, and continued employment during Plaintiff's employment with Defendant.

120. Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations in Paragraph 121 of the Complaint.

### F. Willfulness and Punitive Damages

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

**G. Damages**

124. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

**COUNT IV**
**DEFAMATION (INCLUDING DEFAMATION PER SE)**
**(Texas Common Law)**
**(Against All Defendants)**

126. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 125 of Plaintiff's Complaint as if fully set forth herein.

**A. A. Defamatory Statements**

127. Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128. Defendant denies the allegations in Paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in Paragraph 129 of the Complaint.

**B. Publication**

130. Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of the Complaint.

**C. Fault and Malice**

132. Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

**D. Defamatory Meaning (Defamation Per Se)**

134. Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

**E. Damages**

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138. Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139. Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140. Defendant denies the allegations contained in Paragraph 140 of the Complaint.

**F. Exemplary Damages**

141. Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of the Complaint.

**COUNT V**
**BUSINESS DISPARAGEMENT**
**(Texas Common Law)**
**(Against All Defendants)**

143. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 142 of Plaintiff's Complaint as if fully set forth herein.

**A. A. Disparaging Statements About Plaintiffs Business and Economic Interests**

144. Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145. Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146. Defendant denies the allegations contained in Paragraph 146 of the Complaint.

**B. Falsity and Malice**

147. Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. Defendant denies the allegations contained in Paragraph 148 of the Complaint.

**C. Special Damages and Causation**

149. Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150. Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151. Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152. Defendant denies the allegations contained in Paragraph 152 of the Complaint.

**D. Malice and Exemplary Damages**

153. Defendant denies the allegations contained in Paragraph 153 of the Complaint.

**COUNT VI**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**
**(Texas Common Law)**
**(Against All Defendants)**

154. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 153 of Plaintiff's Complaint as if fully set forth herein.

**A. Reasonable Probability of Business Relationship**

155. Defendant denies the allegations contained in Paragraph 155 of the Complaint.

**B. Independently Tortious or Unlawful Conduct**

156. Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157. Defendant denies the allegations contained in Paragraph 157 of the Complaint.

**C. Intent and Knowledge**

158. Defendant denies the allegations contained in Paragraph 153 of the Complaint.

**D. Proximate Cause**

159. Defendant denies the allegations contained in Paragraph 159 of the Complaint.

**E. Damages and Exemplary Damages**

160. Defendant denies the allegations contained in Paragraph 160 of the Complaint.

161. Defendant denies the allegations contained in Paragraph 160 of the Complaint.

**VI.**
**CONDITIONS PRECEDENT[1]**

162. Defendant denies the allegations in Paragraph 162 of the Complaint.

163. Defendant admits that, with respect to Plaintiff's Title VII claims, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 460-2026-

[1] Plaintiff's Complaint reflects use of Roman numeral VI for the sections asserting the cause of action Tortious Interference with Prospective Contractual Relations and Conditions Precedent. For consistency, Defendant's Answer retains the original numbering.

05401, on April 6, 2026, alleging sex-based harassment, hostile work environment, and retaliation, and denies the remaining allegations of Paragraph 163 of the Complaint.

164. Defendant denies the allegations in Paragraph 164 of the Complaint.

165. Defendant admits the allegations in Paragraph 165 of the Complaint.

## VII. PRAYER FOR RELIEF

166. Defendant denies that Plaintiff is entitled to any damages requested in this Complaint.

### A. Contract Damages (Count 1)

167. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 167 of the Complaint;

### B. Title VII Damages (Counts II-III)

168. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 168 of the Complaint;

### C. Tort Damages — Defamation, Business Disparagement, and Tortious Interference (Counts IV-VI)

169. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 169 of the Complaint;

### D. Exemplary Damages

170. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 170 of the Complaint;

### E. Equitable Relief

171. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 171 of the Complaint;

### F. Attorneys' Fees and Costs

172. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 172 of the Complaint;

**G. Interest**

173. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 173 of the Complaint; and

**H. All Other Relief**

174. Defendant denies the allegations that Plaintiff is entitled to the damages and/or relief asserted in Paragraph 174 of the Complaint.

## VIII.
## JURY DEMAND

175. Defendant acknowledges Plaintiff demands a jury trial in Paragraph 175 of the Complaint.

## IX.
## AFFIRMATIVE DEFENSES

176. In further answer to the Complaint, Defendant sets forth the following additional defenses to the Complaint. Defendant reserves the right to add or modify defenses by amendment, as circumstances warrant.

177. Defendant asserts as a defense to all causes of action asserted by Plaintiff that the Court lacks personal jurisdiction over Defendant.

178. Defendant asserts as a defense to Plaintiff's breach-of-employment-contract claim that such is barred, in whole or in part, by equitable estoppel to the extent it is inconsistent with Plaintiff's prior conduct, silence, and acceptance of the payments without timely objection.

179. Defendant asserts as a defense to Plaintiff's breach-of-employment-contract claim, that Plaintiff has been paid all amounts owed to him during his employment with Defendant and that no additional amounts are due and owing to Plaintiff.

180. Defendant asserts as a defense to Plaintiff's tortious interference with prospective business relations cause of action, that Plaintiff cannot establish that any alleged interference was accomplished through independently tortious or unlawful conduct by Defendant.

181. Defendant asserts as a defense to Plaintiff's tortious interference with prospective business relations cause of action, justification and/or privilege as an affirmative defense to the extent its conduct constituted the exercise of its own legal or contractual rights or a good-faith claim to such rights.

182. Defendant asserts as a defense to Plaintiff's defamation and business disparagement causes of action, that any complained-of statements allegedly made by Defendant were true or substantially true.

183. Defendant asserts as a defense to Plaintiff's defamation and business disparagement causes of action that any alleged communications were privileged to the extent made in good faith on a subject in which the speaker had an interest or duty and the recipient had a corresponding interest or duty.

184. Defendant asserts as a defense to Plaintiff's defamation cause of action that to the extent any alleged statement constitutes opinion or is not verifiable as false, it is not actionable as defamation.

185. Defendant asserts as a defense to Plaintiff's Title VII claims that it was not Plaintiff's employer.

186. Defendant asserts as a defense to Plaintiff's Title VII claims that for events occurring outside the applicable administrative limitations and statutory limitations, Plaintiff is barred from recovery.

187. Defendant asserts as a defense to Plaintiff's Title VII claims that for the allegations contained in Plaintiff's Complaint which were not the subject of a timely charge of discrimination to the Equal Employment Opportunity Commission or the Texas Workforce Commission – Civil Rights Division, Plaintiff has failed to exhaust all administrative remedies and has failed to meet all statutory prerequisites.

188. Defendant asserts as a defense to Plaintiff's Title VII claims that Defendant exercised reasonable care to promptly correct and/or prevent any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventive and/or corrective opportunities provided by Defendant or to avoid harm otherwise.

189. Defendant asserts as a defense to Plaintiff's Title VII claims that Defendant acted in good faith to comply with the requirements of statutes under which Plaintiff's claims are brought in this action.

190. Defendant asserts as a defense to Plaintiff's Title VII claims that Defendant is entitled to have any back pay award to Plaintiff reduced by interim earnings, worker compensation benefits, and unemployment compensation benefits received by Plaintiff during the period for which Plaintiff seeks damages from Defendant.

191. Defendant asserts as a defense to all causes of action asserted by Plaintiff that Plaintiff has failed to satisfy statutory prerequisites to his alleged causes of action and damages.

192. Defendant asserts as a defense to all causes of action asserted by Plaintiff that Plaintiff has failed to mitigate his alleged damages and any recovery must be reduced accordingly.

193. Defendant asserts as a defense to all causes of action asserted by Plaintiff that if Plaintiff is suffering any damages whatsoever, or has incurred any expenses whatsoever, then such is due wholly or partially to conditions which pre-existed or pre-dated the incidents made the basis of this lawsuit.

194. Defendant asserts as a defense to all causes of action asserted by Plaintiff that Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendant.

## X.
## CONCLUSION

195. WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant prays that the Court enter judgment in its favor; dismiss the Plaintiff's Complaint against Defendant with prejudice; award Defendant and its counsel reasonable attorneys' fees, costs, and expenses of litigation; and award Defendant such other relief as the Court deems appropriate.

Respectfully submitted,

By: *_/s/ Richard G. Garza_*

Richard G. Garza
State Bar No. 07737200
rgarza@jw.com
Dyana K. Mardon
State Bar No. 24128289
dmardon@jw.com
**JACKSON WALKER L.L.P.**
1900 Broadway, Suite 1200
San Antonio, TX 78215
(210) 978-7700
(210) 242-4606 - Fax

**ATTORNEYS FOR DEFENDANT**
**Winsupply Inc.**

## CERTIFICATE OF SERVICE

I certify that on June 24, 2026, I electronically filed the foregoing document(s) and a true and correct copy of the foregoing document(s) was served electronically, via ECF, on Plaintiff using the ECF system.

*_/s/ Richard G. Garza_*
Richard G. Garza