**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **RONALD A. BLAIR,** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | Civil Action No. 1:26-cv-01216-RP |
| | § | |
| **WINSUPPLY NE SAN ANTONIO TX** | § | |
| **CO.;** | § | |
| **WINSUPPLY INC.;** and | § | |
| **MARC CLEERE, Individually,** | § | |
| Defendants**.** | § | |

**PLAINTIFF'S MOTION TO ENFORCE DEFENDANTS' MANDATORY INITIAL DISCLOSURE OBLIGATIONS UNDER RULE 26(a)(1)(A)(iv) AND FOR RELIEF UNDER RULE 37(a)**

## I. INTRODUCTION

1. Plaintiff Ronald A. Blair respectfully moves for an Order enforcing Defendants' mandatory disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iv) and for appropriate relief under Rule 37(a). This motion seeks enforcement of a mandatory disclosure obligation imposed by the Federal Rules of Civil Procedure.

2. After reviewing Defendants' Initial Disclosures, Plaintiff requested that Defendants produce the insurance agreements required by Rule 26(a)(1)(A)(iv) or confirm that no responsive insurance agreement existed. Plaintiff thereafter sent additional written requests, received a response stating that the insurance documents would be produced, and later attempted to resolve the matter by telephone and voicemail. Plaintiff sought to resolve the issue without Court intervention. As of the filing of this Motion, Defendants have not provided the disclosure required by Rule 26(a)(1)(A)(iv).

3. This Motion concerns only enforcement of Defendants' mandatory initial disclosure obligation under Federal Rule of Civil Procedure 26(a)(1)(A)(iv). It does not present a dispute concerning the relevance, burden, proportionality, or scope of discovery. Because Plaintiff's repeated good-faith efforts to obtain voluntary compliance without Court intervention were unsuccessful, Plaintiff respectfully requests the limited relief authorized by Rule 37(a).

## II. DOCUMENTED CHRONOLOGY

4. July 3, 2026 — Defendants Served Their Rule 26(a)(1) Initial Disclosures. Defendants served their Initial Disclosures by email. Each Defendant included a section addressing Federal Rule of Civil Procedure 26(a)(1)(A)(iv). In that section, each Defendant stated that it "will make available for inspection and copying" any insurance agreement described in Rule 26(a)(1)(A)(iv). Ex. A.

Legal Significance: The Initial Disclosures are the disclosures at issue in this motion.

5. July 4, 2026 — Plaintiff Requested Voluntary Compliance. After reviewing Defendants' Initial Disclosures, Plaintiff emailed defense counsel and requested production of all insurance agreements required by Rule 26(a)(1)(A)(iv) or written confirmation that no responsive insurance agreement existed.

Legal Significance: Plaintiff sought voluntary compliance without Court intervention. Ex. B.

6. July 8, 2026 — Plaintiff Sent a Follow-Up Request. Plaintiff had not yet received any insurance agreement or written confirmation that no responsive insurance agreement existed. Plaintiff sent a follow-up email requesting that Defendants either produce the responsive insurance agreements or confirm that no responsive insurance agreement existed. Ex. C.

Legal Significance: Plaintiff continued to seek voluntary compliance before requesting judicial relief.

7. July 8, 2026 — Defense Counsel Replied. Defense counsel replied that Defendants were "in the process of obtaining the insurance documents" and that the documents "will be produced."

Legal Significance: Defendants represented that responsive insurance documents would be produced. Ex. D.

8. July 13, 2026 — Plaintiff Made a Final Good-Faith Effort to Resolve the Matter by Telephone. After additional time passed, Plaintiff left defense counsel a voicemail regarding the insurance disclosure and followed the voicemail with an email requesting an update regarding both the insurance disclosure and the parties' agreed scheduling filing.

Legal Significance: Plaintiff made an additional good-faith effort to resolve the issue without Court intervention before filing this motion. Ex. E.

**III. GOVERNING LAW**

A. Purpose of Rule 26 Initial Disclosures

9. Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose the categories of information identified in the Rule early in the litigation without awaiting formal discovery requests. The Rule is intended to facilitate the prompt exchange of basic information, reduce unnecessary discovery disputes, and promote the just, speedy, and inexpensive determination of every action. *Fed. R. Civ. P. 1*; *Fed. R. Civ. P. 26(a)(1).*

10. The Advisory Committee explained that Rule 26(a)(1) requires early disclosure of specified categories of information to accelerate the exchange of basic information, eliminate unnecessary discovery disputes, and encourage the efficient resolution of litigation. *Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.*

B. Rule 26(a)(1)(A)(iv) — Mandatory Insurance Agreement Disclosure

11. Federal Rule of Civil Procedure 26(a)(1)(A)(iv) provides:

"any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

*Fed. R. Civ. P. 26(a)(1)(A)(iv).*

12. Rule 26(a)(1)(A) requires the disclosures identified in Rule 26(a)(1)(A)(iv) to be made without awaiting a discovery request. *Fed. R. Civ. P. 26(a)(1)(A).*

C. Rule 37(a)(3)(A) — Enforcement of Mandatory Disclosure Obligations

13. Federal Rule of Civil Procedure 37(a)(3)(A) provides:

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

*Fed. R. Civ. P. 37(a)(3)(A).*

14. Rule 37(a)(3)(A) provides the enforcement mechanism for compelling disclosures required by Rule 26(a).

D. Rule 37(a)(5) — Expenses Relating to a Motion to Compel

15. Federal Rule of Civil Procedure 37(a)(5) governs the award of expenses in connection with a motion to compel. The Rule directs the Court to determine whether an award of reasonable expenses is appropriate after resolving the motion and identifies the circumstances under which such an award must or must not be made. *Fed. R. Civ. P. 37(a)(5).*

**IV. ARGUMENT**

A. Rule 26(a)(1)(A)(iv) Imposed a Mandatory Disclosure Obligation

16. Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to make the disclosures identified in Rule 26(a)(1) without awaiting a discovery request. Among those mandatory

disclosures is the disclosure of any insurance agreement described in Rule 26(a)(1)(A)(iv). *Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 26(a)(1)(A)(iv).*

17. Rule 26(a)(1)(A)(iv) requires disclosure of the insurance agreements described in the Rule as part of a party's Initial Disclosures. The obligation arises automatically under the Rule and is not conditioned on the service of discovery requests, a motion to compel, or a court order. *Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 26(a)(1)(A)(iv).*

18. Because Rule 26(a)(1)(A)(iv) imposes a mandatory disclosure obligation, parties must comply with its requirements. The Rule does not require the requesting party to initiate formal discovery before the disclosure obligation arises. *Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 26(a)(1)(A)(iv).*

B. Defendants Did Not Fulfill Their Mandatory Disclosure Obligation

19. Defendants served their Initial Disclosures on July 3, 2026. In the section addressing Rule 26(a)(1)(A)(iv), each Defendant stated that it "will make available for inspection and copying" any insurance agreement described in Rule 26(a)(1)(A)(iv). ¶ 4.

20. Rule 26(a)(1)(A)(iv), however, requires disclosure of insurance agreements as part of a party's Initial Disclosures without awaiting a discovery request. *Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 26(a)(1)(A)(iv).*

21. Defendants' Initial Disclosures did not identify or produce any insurance agreement described in Rule 26(a)(1)(A)(iv). Instead, each Defendant represented that such insurance agreements would be made available for inspection and copying in the future. ¶ 4.

22. After Plaintiff requested compliance, defense counsel replied that Defendants were "in the process of obtaining the insurance documents" and that the documents "will be produced." ¶ 7.

23. Those subsequent representations did not alter the timing or scope of the disclosure obligation imposed by Rule 26(a)(1)(A)(iv). *Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 26(a)(1)(A)(iv).*

C. Plaintiff Made Repeated Good-Faith Efforts to Obtain Voluntary Compliance Before Seeking Court Intervention

24. After reviewing Defendants' Initial Disclosures, Plaintiff did not immediately seek judicial intervention. Instead, Plaintiff requested that Defendants produce the insurance agreements required by Rule 26(a)(1)(A)(iv) or confirm that no responsive insurance agreement existed. ¶ 5.

25. When the requested disclosure was not provided, Plaintiff sent a follow-up request seeking voluntary compliance. ¶ 6.

26. Defense counsel replied that Defendants were "in the process of obtaining the insurance documents" and that the documents "will be produced." ¶ 7.

27. After additional time passed without the disclosure required by Rule 26(a)(1)(A)(iv), Plaintiff made a final effort to resolve the matter without Court intervention by leaving defense counsel a voicemail and following it with an email requesting an update. ¶ 8.

28. Rule 37(a)(1) requires a movant to certify that it has, in good faith, conferred or attempted to confer with the opposing party before seeking judicial intervention. Plaintiff sought Court intervention only after repeated written communications, a telephone call, and a voicemail failed to obtain the disclosure required by Rule 26(a)(1)(A)(iv). These efforts satisfy Rule 37(a)(1). *Fed. R. Civ. P. 37(a)(1).*

D. Rule 37(a) Authorizes the Requested Relief

29. Federal Rule of Civil Procedure 37(a)(3)(A) authorizes a party to move for an order compelling disclosure when another party fails to make a disclosure required by Rule 26(a). *Fed. R. Civ. P. 37(a)(3)(A).*

30. The record establishes that Rule 26(a)(1)(A)(iv) imposed a mandatory disclosure obligation. Defendants did not fulfill that obligation as part of their Initial Disclosures. Plaintiff repeatedly attempted to obtain voluntary compliance before seeking judicial intervention. ¶¶ 16–28.

31. Because Defendants did not provide the disclosure required by Rule 26(a)(1)(A)(iv) despite Plaintiff's repeated efforts to obtain voluntary compliance, Rule 37(a)(3)(A) authorizes the Court to compel disclosure required by Rule 26(a)(1)(A)(iv). *Fed. R. Civ. P. 37(a)(3)(A).*

32. Rule 37(a)(5) further authorizes the Court to determine whether an award of expenses is appropriate after resolving the motion. Plaintiff respectfully requests only the limited relief necessary to enforce the disclosure obligations imposed by Rule 26(a)(1)(A)(iv), together with such relief under Rule 37(a)(5) as the Court determines is authorized and appropriate. *Fed. R. Civ. P. 37(a)(5).*

**V. PRAYER**

33. For the foregoing reasons, Plaintiff Ronald A. Blair respectfully requests that the Court enter an Order:

a. Compelling Defendants to produce all insurance agreements required to be disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(iv), to the extent not previously produced, within seven (7) days of the Court's Order, or within such other time as the Court deems appropriate;

b. Requiring Defendants to serve supplemental Initial Disclosures reflecting compliance with Rule 26(a)(1)(A)(iv), to the extent supplementation has not already occurred;

c. Awarding such relief under Federal Rule of Civil Procedure 37(a)(5) as the Court determines is authorized and appropriate; and

d. Granting such other and further relief as the Court deems just and proper.

## VI. CERTIFICATION UNDER RULE 37(A)(1)

34. Pursuant to Federal Rule of Civil Procedure 37(a)(1), Plaintiff certifies that he has in good faith conferred or attempted to confer with Defendants in an effort to obtain the disclosure required by Rule 26(a)(1)(A)(iv) without Court action.

35. Specifically, Plaintiff:

a. Requested that Defendants produce the insurance agreements required by Rule 26(a)(1)(A)(iv), or confirm that no responsive insurance agreement existed. ¶ 5.

b. Submitted a follow-up written request after Defendants did not provide the required disclosure. ¶ 6.

c. Received a reply from defense counsel stating that Defendants were "in the process of obtaining the insurance documents" and that the documents "will be produced." ¶ 7.

d. Allowed additional time for Defendants to produce the requested disclosure before attempting to resolve the matter by telephone and voicemail, followed by an email requesting an update. ¶ 8.

36. Plaintiff filed this motion only after those efforts failed to obtain the disclosure required by Rule 26(a)(1)(A)(iv) without Court intervention.

July 15, 2026

Respectfully Submitted,

<u>/s/ Ronald A. Blair</u>
Ronald A. Blair
2725 Woodall Drive, Unit 1804
Cedar Park, TX 78613
717-808-4671
<u>r.anthony.blair@gmail.com</u>

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I electronically filed the foregoing Plaintiff's Motion to Enforce Defendants' Mandatory Initial Disclosure Obligations Under Rule 26(a)(1)(A)(iv) and for Relief Under Rule 37(a) with the Clerk of Court using the Court's CM/ECF system, which will serve notice of such filing on all counsel of record who are registered CM/ECF users.

Respectfully submitted,

/s/ Ronald A. Blair
Ronald A. Blair
Plaintiff, Pro Se