UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD A. BLAIR,<br><br>Plaintiff,<br><br>v.<br><br>WINSUPPLY NE SAN ANTONIO TX CO., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:26-CV-1216-RP |

**ORDER**

Before the Court is Plaintiff Ronald A. Blair's ("Plaintiff") Motion to Enforce Defendants' Mandatory Initial Disclosure Obligations Under Rule 26(a)(1)(A)(iv) and For Relief Under Rule 37(a). (Mot., Dkt. 16). Defendants Marc Cleere, Winsupply NE San Antonio Tx Co., and Winsupply Inc., jointly ("Defendants") filed a Response, (Dkt. 17), and Plaintiff filed a Reply, (Dkt. 18). Having considered the motions, the parties' responsive briefing, the evidence, and the relevant law, the Court will grant the motion.

Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure states

> "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party **must, without awaiting a discovery request,** provide to the other parties: for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. Rule 26(a)(1)(A)(iv) (emphasis added). Defendants purportedly served their Rule 26(a)(1) initial disclosure via email on July 3, 2026. (Mot., Dkt. 16, at 2). They included that they would "'make available for inspection and copying' any insurance agreement described in Rule 26(a)(1)(A)(iv)." (*Id.*). Plaintiff moves for the Court to order Defendants to produce the insurance agreements required by Rule 26(a)(1)(A)(iv) or confirm that no responsive insurance agreement

existed. (*Id.* at 1, 7). Defendants respond that their disclosure that it would "'make available for inspection and copying' any insurance agreement described in Rule 26(a)(1)(A)(iv) satisfied [their] obligation under [the Rule] by identifying the existence of responsive insurance agreements and invoking the Rule 34 mechanism for making such agreements available." (Resp., Dkt. 17, at 2). They cite as support a sister court's holding that Rule 26 disclosure obligations are satisfied by "alerting opposing parties to the existence of relevant materials." (*Id.* at 4) (citing *Mission Toxicology, LLC v. UnitedHealthcare Ins. Co.*, 499 F. Supp. 3d 338, 344 (W.D. Tex. 2020)

The Court disagrees with Defendants' reading of Rule 26(a)(1)(A)(iv). "[A]s other courts have noted, disclosure under Rule 26(a)(1)(A)(iv) is **absolute** and does not need a showing of relevance." *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 560 (C.D. Cal. 2021) (emphasis added) (citing *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 270 F.R.D. 141, 142 (E.D.N.Y. 2010)). The case cited by Defendants, *Mission Toxicology*, is inapposite, as the court in that case was discussed Federal Rule of Civil Procedure 26(a)(1)(A)(ii), which requires a party to provide "a copy—**or a description by category and location**—of all documents . . . ." *See Mission Toxicology*, 499 F. Supp. 3d at 344; Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). The provision at issue here, however, requires production of "any insurance agreement"—not a mere description of the agreement or a statement that any such agreement exists. Nor does the Court agree that the reference to Rule 34 makes meaningless Rule 26(a)(1)'s explicit command that a party "must, without awaiting a discovery request," produce relevant insurance agreements.[1] In sum, "[b]ased on the clear language of [Rule 26(a)(1)(A)(iv)], the Court is puzzled by [Defendants'] failure to disclose here." *See Dorian Amsterdam LPG Transp. LLC v. Tradewinds Towing Co.*, No. 1:23-CV-00036, 2025 WL 2269794, at *9 n.20 (E.D. Tex. Mar. 31, 2025). Thus, to the extent Defendants have not already supplemented their initial disclosures with "any

[1] Rather, the Court interprets the reference to Rule 34 as an instruction that Rule 34 governs the procedures for *how* the document must be produced, rather than *when* it must be produced.

insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment," or confirmed that no responsive insurance agreement exists, the Court will order them to do so.[2]

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Enforce Defendants' Mandatory Initial Disclosure Obligations Under Rule 26(a)(1)(A)(iv) and For Relief Under Rule 37(a), (Dkt. 16), is **GRANTED**, such that Defendants are ordered to produce any and all insurance-related documents that must be produced under Rule 26(a)(1)(A)(iv), or confirm that no responsive insurance agreement exists, **as soon as practicable**.

**SIGNED** on August 14, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

[2] Defendants are warned that future failures to comply with discovery rules may result in sanctions. *See* Fed. R. Civ. P. 37.