**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RONALD A. BLAIR,** Plaintiff, | § | |
| **v.** | § | Civil Action No. 1:26-cv-01216-RP |
| **WINSUPPLY NE SAN ANTONIO TX CO.; WINSUPPLY INC.;** and **MARC CLEERE, Individually,** Defendants**.** | § | |

**PLAINTIFF'S EXPEDITED MOTION FOR LIMITED PROTECTIVE AND SEQUENCING RELIEF UNDER RULE 26**

## I. INTRODUCTION

1. Plaintiff moves under Rules 26(c) and 26(d)(3) for limited interim sequencing of seven discovery requests and portions of two additional requests that overlap unresolved matters raised in Plaintiff's earlier discovery. Plaintiff does not presently ask the Court to adjudicate those underlying discovery disputes under Rule 37. If specific disputes remain unresolved after the parties' September 1 conference, Plaintiff reserves the right to seek appropriate relief under Rule 37.

2. Defendants served 171 requests across six discovery sets on August 5, and Plaintiff's responses are due September 4. Plaintiff will timely respond to all discovery except the narrowly identified seven requests and portions of two additional requests addressed in this Motion.

3. Plaintiff served the underlying discovery on June 22; Defendants responded July 22; Plaintiff identified specific deficiencies on August 8 and sought supplementation or a reasonable alternative schedule; and Defendants later requested that the substantive conference occur

September 1. No agreement modifies Plaintiff's September 4 deadline. Defendants have stated that additional information can be provided after the September 1 discussion and that responsive-document production will continue on an ongoing basis. Plaintiff therefore seeks limited sequencing so Defendants do not receive Plaintiff's directly corresponding evidence before completing or clarifying their own earlier historical responses.

**II. DOCUMENTED CHRONOLOGY**

4. Plaintiff served his First Sets of written discovery on June 22, 2026. Defendants served responses and produced documents on July 22. Defendants then served their First Sets of discovery on Plaintiff on August 5; Plaintiff's responses are due September 4. The nine requests relevant here are reproduced in Exhibit C. See Ex. C at 2–7.

5. After reviewing Defendants' responses and production, Plaintiff sent a six-page deficiency letter on August 8 identifying specific matters requiring supplementation or clarification. Plaintiff expressly stated that he was not challenging every objection or response, did not seek privileged material, requested supplementation by August 21 or prompt notice of a different reasonable schedule, and offered to confer before judicial intervention. See Ex. B at 2–7.

6. On August 17, defense counsel proposed an August 19 conference concerning discovery and scheduling. Because Plaintiff expected to be traveling, he proposed August 18; when Defendants were unavailable, Plaintiff agreed to make August 19 work. Defense counsel then requested that the substantive discovery discussion instead occur September 1 to permit client consultation concerning the discovery issues and a potential Rule 11 agreement. Plaintiff agreed to participate and subsequently reiterated in writing that the September 1 conference did not modify his previously requested supplementation dates. See Ex. D at 2, 6–8, 10–11.

7. On August 21, defense counsel stated that his intention for the September 1 discussion was to address the items in Plaintiff's letters and understand the clarification, supplementation, and production sought; that additional information could be provided afterward; and that vendor review and ongoing production would continue. Counsel also stated that the parties were "engaging in communications to resolve discovery issues, not modifying discovery procedure." Plaintiff offered to clarify any issue in advance to make the September 1 conference productive. See Ex. D at 13–15.

8. Plaintiff separately requested a brief conference concerning the resulting September 1–September 4 timing issue and offered availability through August 24. No Rule 11 agreement, Rule 29 stipulation, or other agreement modifies Plaintiff's September 4 deadline. The present request follows those efforts and is limited to discovery overlapping the unresolved matters. See Ex. D at 14–16.

**III. GOVERNING LAW**

9. Discovery ordinarily may proceed in any sequence, and discovery by one party ordinarily does not require another party to delay its discovery. The Court may, however, order otherwise "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). The Fifth Circuit recognizes that Rule 26(d) gives district courts "wide discretion to craft flexible and nuanced terms of discovery." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 564 (5th Cir. 2016).

10. Rule 26(c)(1) permits the Court, for good cause, to protect a party by specifying the terms, including the time, for discovery. The party seeking protection must make a "particular and specific demonstration of fact." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Plaintiff

therefore relies on the particular timing, overlap, and procedural circumstances identified below rather than any general claim of discovery priority.

11. Plaintiff does not contend that serving discovery first creates priority or that Defendants must generally complete their discovery responses before Plaintiff responds to theirs. The requested relief is limited to directly overlapping discovery for which Defendants' earlier historical responses remain subject to requested clarification or supplementation and Defendants have stated that additional information may be provided after the September 1 conference.

**IV. ARGUMENT**

**A. Defendants' Harris/Milford Responses Remain Unresolved While Defendants Seek Plaintiff's Corresponding Evidence.**

12. Cleere Interrogatory No. 5 acknowledged a post-termination communication with Michael Harris but omitted the requested date. Interrogatory No. 9 described Harris as a “business acquaintance” and referred generally to produced documents without providing when or how Cleere knew Harris, Cleere's understanding of Harris's Milford role, or the requested dates, methods, and general subject matter of communications concerning Plaintiff. See Ex. A at 2–3.

13. Winsupply NE Interrogatory No. 6 answered “None” when asked to identify third-party communications concerning Plaintiff's termination, litigation history, or alleged “legal issues,” while Interrogatory No. 7 disclosed Cleere's post-termination Harris communication. Plaintiff's August 8 letter requested the missing Harris information and clarification of the relationship between Interrogatories Nos. 6 and 7 without assuming the responses were contradictory. See Ex. A at 4–5; Ex. B at 3–4.

14. Defendants' later discovery seeks Plaintiff's corresponding evidence: Cleere Interrogatory No. 15 and RFP No. 2 seek Plaintiff's Harris communications; Winsupply NE RFP No. 31 seeks

Milford communications; and Winsupply Inc. RFP No. 26 seeks communications with Harris and Jeremy Hohn concerning the alleged statements. See Ex. C at 2–4, 7.

15. Plaintiff seeks sequencing of Cleere Interrogatory No. 15 and RFP No. 2, and limited sequencing of Winsupply NE RFP No. 31 only to the extent it seeks Plaintiff-Harris communications concerning statements allegedly made by Defendants about Plaintiff, his termination, or litigation history, and Winsupply Inc. RFP No. 26 only to the extent it seeks Plaintiff-Harris communications concerning alleged statements by, or attributed to, Winsupply Inc. Plaintiff does not seek sequencing of other Milford evidence concerning the existence, value, causation, or damages of the opportunity.

**B. Defendants' Responses Concerning the January 12–15 Period Leave Nonprivileged Information Unresolved While Winsupply Inc. Seeks Plaintiff's Evidence of Its Own Participation.**

16. Winsupply Inc. acknowledged that Roger Lewis and Rob Ferguson received Plaintiff's January 12 letter and communicated with Cleere afterward, while characterizing them as acting as Winsupply NE board members. Its other responses stated that no responsive nonprivileged communications occurred involving representatives acting "in their capacity as employees" of Winsupply Inc. See Ex. A at 7–8.

17. Plaintiff's August 8 letter requested clarification whether those answers encompassed responsive communications in all relevant capacities and supplementation of omitted nonprivileged information. This Motion does not seek privileged communications, work product, privilege-log relief, or adjudication of Defendants' privilege claims. See Ex. B at 3, 6.

18. Winsupply Inc.'s later Interrogatories Nos. 7 and 8 require Plaintiff to state the facts supporting Winsupply Inc.'s involvement in the termination and identify its personnel who participated; RFP No. 6 seeks Plaintiff's documents concerning Winsupply Inc.'s role in

reviewing, approving, ratifying, or directing the termination. Plaintiff seeks sequencing only of those three requests. See Ex. C at 5–6.

**C. Winsupply NE's Third-Party-Communication Response Remains Unresolved While Defendants Seek Plaintiff's Wilson Evidence.**

19. Winsupply NE Interrogatory No. 6 sought persons who communicated statements concerning Plaintiff's termination, litigation history, or alleged “legal issues” to contractors, vendors, manufacturers, distributors, or project participants and answered “None.” Plaintiff's August 8 letter requested clarification and supplementation. See Ex. A at 4; Ex. B at 3–4.

20. Cleere RFP Nos. 3 and 4 seek Plaintiff's Wilson communications, the complete Wilson recording, transcript, summaries, and notes concerning alleged third-party statements by Defendants or associated persons. Plaintiff does not ask the Court to determine whether Wilson's account is true or Winsupply NE's response is false; he seeks only temporary sequencing while the corresponding Interrogatory No. 6 issue remains unresolved. See Ex. C at 3.

**D. Limited Interim Sequencing Preserves the Independent Function of Plaintiff's Earlier Discovery Without Altering the Remainder of Plaintiff's September 4 Obligations.**

21. The identified discovery requires Plaintiff to disclose evidence and contentions concerning the same Harris/Milford communications, third-party dissemination, and Winsupply Inc. participation for which Defendants' corresponding historical information remains subject to requested clarification or supplementation. Defendants have stated that additional information may be provided after the September 1 discussion and that responsive-document production will continue on an ongoing basis. See Ex. D at 14. These circumstances create the limited sequencing issue presented here.

22. Requiring Plaintiff to disclose the directly corresponding evidence before Defendants complete or clarify their earlier historical responses would eliminate the opportunity to obtain

those responses independently of the evidence to which they directly relate. Temporary sequencing preserves that limited function of Plaintiff's earlier discovery while the parties complete the September 1 process. It does not grant Plaintiff general discovery priority, stay Defendants' discovery, or alter Plaintiff's September 4 obligations as to any discovery not expressly sequenced.

## V. PRAYER

23. Plaintiff respectfully requests that the Court:

a. temporarily defer Plaintiff's obligation to respond to Marc Cleere Interrogatory No. 15 and RFP Nos. 2–4; Winsupply Inc. Interrogatories Nos. 7–8 and RFP No. 6; and, only to the extent described in Paragraph 15, Winsupply NE RFP No. 31 and Winsupply Inc. RFP No. 26;

b. leave Plaintiff's September 4, 2026 deadline unchanged for all portions of Defendants' discovery requests not expressly sequenced by the Court;

c. set Plaintiff's deadline to respond to the temporarily sequenced discovery fourteen days after the corresponding earlier discovery issues are resolved by agreement, by supplementation or clarification that resolves the identified issue, or by Court order; and

d. grant such other limited relief as the Court determines appropriate.

## VI. CERTIFICATE OF CONFERENCE UNDER FED. R. CIV. P. 26(c)(1) AND LOCAL RULE CV-7(g)

24. Plaintiff certifies that he has made good-faith efforts to resolve both the underlying discovery matters and the resulting sequencing issue without Court intervention. Plaintiff's August 8 deficiency letter identified the specific supplementation and clarification requested, requested a response by August 21 or prompt notice of a different reasonable schedule, and expressly offered to confer before judicial intervention. See Ex. B at 2–7. On August 17, defense counsel proposed discussion of the outstanding discovery issues. Plaintiff offered August 18 and, when Defendants

were unavailable, made himself available August 19. Defense counsel thereafter requested that the substantive discussion occur September 1 to permit client consultation, and Plaintiff agreed. See Ex. D at 2, 6–8.

After agreeing to September 1, Plaintiff expressly advised Defendants that the conference did not modify or withdraw the supplementation and clarification requested in his August 8 correspondence. On August 21, Plaintiff again documented that the requested August 21 response date had passed without the requested supplementation or an alternative schedule. Defense counsel responded that the September 1 discussion would address the items in Plaintiff's letters so Defendants could understand the requested clarification, supplementation, and production, that additional information could be provided afterward, and that responsive-document production would continue on an ongoing basis. See Ex. D at 10–15.

The parties' September 1 conference therefore remains scheduled to address the underlying discovery issues, but it occurs only three days before Plaintiff's September 4 response deadline. No Rule 11 agreement, Rule 29 stipulation, or other agreement modifies that deadline or sequences the overlapping discovery. Because Defendants have stated that additional information may be provided after September 1, Plaintiff sought a separate agreement concerning the timing of the directly overlapping discovery rather than unilaterally withholding responses.

Plaintiff additionally requested on August 22 a brief conference specifically to determine whether the parties could agree on the timing of the overlapping discovery obligations and offered to confer at any mutually convenient time through 5:00 p.m. August 24. Defendants did not respond to or accept that conference request, agree to modify the September 4 deadline, or agree to sequence the overlapping discovery before the offered conference period expired. The

parties thus exchanged their positions concerning the underlying discovery and its timing, but were unable to reach an agreement resolving the sequencing issue presented by this Motion. See Ex. D at 13–16.

August 24, 2026

Respectfully submitted,

/s/ Ronald A. Blair

Ronald A. Blair
2725 Woodall Drive, Unit 1804
Cedar Park, TX 78613
717-808-4671
r.anthony.blair@gmail.com

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I electronically filed the foregoing Plaintiff's Expedited Motion for Limited Protective and Sequencing Relief Under Rule 26 with the Clerk of Court using the Court's CM/ECF system, which will serve notice of such filing on all counsel of record who are registered CM/ECF users.

/s/ Ronald A. Blair
Ronald A. Blair
Plaintiff, Pro Se