**EXHIBIT B**

**Plaintiff's August 8, 2026 Discovery Deficiency Letter**

**Ronald A. Blair**
2725 Woodall Drive, Unit 1804
Cedar Park, TX 78613
717-808-4671
Email: r.anthony.blair@gmail.com

---

August 8, 2026

*Via Email*

Richard G. Garza
Dyana K. Mardon
JACKSON WALKER L.L.P.
1900 Broadway, Suite 1200
San Antonio, TX 78215
rgarza@jw.com
dmardon@jw.com

**Re: Blair v. Winsupply NE San Antonio TX Co., et al., Case No. 1:26-cv-01216-RP — Deficiencies in Defendants' Responses to Plaintiff's First Discovery Requests**

Counsel:

I write regarding Defendants' responses and production in response to Plaintiff's First Interrogatories, Requests for Admission, and Requests for Production served June 22, 2026. This letter is intended as a good-faith effort to resolve the issues identified below without motion practice.

Plaintiff does not contend that every objection, denial, qualification, or reservation of supplementation constitutes a discovery deficiency. Nor does Plaintiff seek privileged attorney-client communications or protected work product. The issues below are limited to responses that appear incomplete or unclear, express withholding that cannot readily be reconciled with Defendants' privilege log, and document-production references that do not identify the production purportedly responsive to the requests.

**I. Interrogatory Responses Requiring Supplementation or Clarification**

**A. Marc Cleere — Interrogatories Nos. 1, 3, 5, and 9**

**Interrogatory No. 1.** The interrogatory requested the factual bases for the termination decision, including the documents, communications, and persons relied upon. Mr. Cleere provided substantive reasons for the termination but did not identify the requested documents, communications, or persons. Instead, the response refers generally to documents produced by Winsupply NE. Please supplement the response to identify the nonprivileged persons and communications relied upon and, to the extent Rule 33(d) is invoked, identify with sufficient specificity the records from which the requested information may be ascertained.

**Interrogatory No. 3.** This interrogatory requested the factual bases for the assertions, implications, or characterizations in the January 15 termination letter concerning Plaintiff's prior litigation history, including documents reviewed and persons consulted. The response provides a substantive narrative concerning Plaintiff's prior litigation but does not identify the requested documents reviewed or persons consulted and instead refers generally to "documents produced." Please supplement the response to

provide the requested nonprivileged information and, to the extent Rule 33(d) is invoked, identify with sufficient specificity the records from which the requested information may be ascertained.

**Interrogatory No. 5.** Mr. Cleere identifies Michael Harris and describes the subject of a communication concerning Plaintiff but does not provide the requested date. Please supplement the response with the date or best available date of that communication.

**Interrogatory No. 9.** The response states that Mr. Harris is a "business acquaintance" and refers generally to produced documents. It does not state when or how Mr. Cleere became acquainted with Mr. Harris, Mr. Cleere's understanding of Mr. Harris's role with Milford, or the dates, methods, and general subject matter of the requested communications. Mr. Cleere's response to Interrogatory No. 5 itself identifies at least one communication with Mr. Harris concerning Plaintiff. Please supplement the response to provide the requested information and, to the extent Rule 33(d) is invoked, specifically identify the records supplying the answer.

**B. Winsupply Inc. — Interrogatories Nos. 4, 5, 6, and 8**

**Interrogatory No. 4.** Winsupply Inc. acknowledges that Roger Lewis and Rob Ferguson communicated with Marc Cleere after receiving Plaintiff's January 12 letter, while also stating that attorney-client communications are being withheld. Please supplement the response to provide the requested nonprivileged dates, participants, means, and substance of responsive communications and identify the privilege-log entry or entries corresponding to communications withheld from this response.

**Interrogatories Nos. 5 and 6.** These responses state that no representatives acting "in their capacity as employees" had certain nonprivileged communications involving Roger Lewis or Rob Ferguson, while also expressly withholding attorney-client communications. Elsewhere, Winsupply Inc. identifies Lewis and Ferguson as its employees and as board members of Winsupply NE. Please clarify whether the answers encompass responsive communications occurring in all capacities relevant to the interrogatories and supplement the nonprivileged information as necessary. For responsive communications withheld on privilege or work-product grounds, please identify the corresponding privilege-log entries.

**Interrogatory No. 8.** Winsupply Inc. identifies a Winsupply NE policy governing information shared about former employees and states that neither entity violated that policy concerning Plaintiff, but the response itself does not identify the policy by title, number, or production reference. Please identify the policy referenced in the response and, if it has been produced, identify the corresponding production number or range.

**C. Winsupply NE — Interrogatories Nos. 4, 6, 7, 11, and 12**

**Interrogatory No. 4.** The response concerning the factual bases for statements regarding Plaintiff's prior litigation relies in part on produced documents and public court filings without identifying the particular nonprivileged documents or persons relied upon for the challenged statements. Please supplement the response to identify those persons and documents with sufficient specificity and, to the extent Rule 33(d) is invoked, identify the records supplying the answer.

**Interrogatories Nos. 6 and 7.** The response to Interrogatory No. 6 states "None" in response to the request to identify third-party communications concerning Plaintiff's termination, litigation history, or

alleged legal issues after January 15. The response to Interrogatory No. 7, however, identifies a post-termination communication with Michael Harris in which Mr. Cleere stated that Plaintiff was no longer employed and asked Mr. Harris to accompany him to 5F Mechanical. Plaintiff does not assume that the responses are necessarily contradictory; the intended scope of Interrogatory No. 6 may differ from Plaintiff's reading. Please clarify the relationship between these responses and supplement Interrogatory No. 6 if the Harris communication or any other responsive communication falls within its scope.

**Interrogatory No. 11.** The response identifies Marc Cleere as approving compensation and Wholesalers People Services LLC as processing it, but does not identify who calculated the compensation or fully state the requested basis for each payment amount or compensation category. Please supplement those portions of the response and specifically identify any records relied upon to supply the requested information.

**Interrogatory No. 12.** The request sought each person who received, reviewed, forwarded, discussed, responded to, handled, or otherwise acted concerning Plaintiff's January 12 escalation letter, together with the date, action, and method of transmission. The response identifies Roger Lewis and Rob Ferguson as receiving the letter on or about January 12 but does not fully provide the requested actions and transmission information and also invokes privilege. Please supplement the nonprivileged portions of the response and identify the privilege-log entries corresponding to responsive communications withheld.

## II. Requests for Admission — Limited Clarification Issues

Plaintiff does not challenge Defendants' Requests for Admission merely because a proposition was denied or qualified. Plaintiff presently seeks clarification only where a privilege or withholding assertion leaves uncertainty concerning the scope of the substantive response.

**Marc Cleere RFA No. 4.** Please clarify whether the substantive denial encompasses all responsive nonprivileged communications and identify any privilege-log entry corresponding to responsive communications withheld from the response.

**Winsupply Inc. RFA No. 4.** The request asks whether Winsupply Inc. participated in discussions concerning Plaintiff's employment, complaints, or termination after January 12, 2026. Winsupply Inc. asserts attorney-client privilege and work-product protection, states that it is withholding attorney-client communications, and then denies the request subject to those objections. Plaintiff is not requesting disclosure of privileged communications. Please clarify that the denial addresses the underlying historical fact requested as to all nonprivileged information and identify the privilege-log entry or entries corresponding to responsive communications expressly withheld.

**Winsupply NE RFA No. 5.** The request asks whether, after January 15, 2026, Winsupply NE communicated with at least one person or entity outside Winsupply NE concerning Plaintiff. Winsupply NE invokes privilege and work-product protection, states that protected information will be withheld, and then denies the request subject to the objection. Plaintiff is not requesting privileged communications. Please clarify that the denial encompasses all responsive nonprivileged communications and identify any privilege-log entry or entries corresponding to responsive information expressly withheld.

Plaintiff is not asking Defendants to alter an otherwise proper substantive admission or denial solely because privileged material exists. The requested clarification is directed to the scope of the answers and the relationship between the express withholding representations and Defendants' privilege log.

### III. Requests for Production and Identification of the Production

Defendants' RFP responses contain repeated references to documents bearing the production label **"Winsupply NE [●]."** Where that incomplete placeholder appears, please replace it with the actual production identifier intended by the response.

Plaintiff recognizes that Rule 34 permits documents to be produced either as kept in the usual course of business or organized and labeled to correspond to the requests. Plaintiff therefore does not contend that Defendants invariably must provide a separate Bates range corresponding to every RFP.

The narrower issue is that Defendants' written responses themselves purport to direct Plaintiff to an identified production while leaving the stated production reference incomplete. As written, Winsupply NE [●] does not tell Plaintiff what production Defendants intended to identify.

Please therefore:

1. complete each Winsupply NE [●] reference with the actual production identifier intended by the response;
2. state whether Defendants contend the responsive documents were produced as kept in the usual course of business or were organized and labeled to correspond to Plaintiff's requests;
3. if Defendants rely on request-specific organization or identification, identify the documents responsive to each applicable RFP;
4. confirm whether the production commitments stated in the responses have been completed; and
5. supplement the production if responsive nonprivileged documents remain outstanding.

These requests do not assume that responsive documents necessarily exist for every RFP or that the existing production contains no responsive documents. Plaintiff seeks clarification of what Defendants' own responses purport to identify as the responsive production and whether the production promised in those responses is complete.

### IV. Winsupply Inc. RFP Responses Requiring Separate Clarification or Correction

**RFP No. 4.** Winsupply Inc. responded "None" to the request for payroll ledgers, W-2s, benefits, reimbursements, tax records, and related compensation records. Please clarify whether "None" means that Winsupply Inc. has no responsive documents within its possession, custody, or control, or whether some other response was intended.

**RFP Nos. 5 and 6.** The objections to these requests appear to describe communications involving Marc Cleere even though the requests concern communications involving Roger Lewis and Rob Ferguson, respectively. Please provide corrected responses directed to the persons actually identified in RFP Nos. 5 and 6 and identify any responsive nonprivileged production.

### V. Privilege Log and Express Withholding Representations

Plaintiff acknowledges that Defendants served **Defendants' Privilege Log dated July 22, 2026**. Plaintiff therefore does not contend that Defendants failed to provide a privilege log.

The log identifies nine withheld entries or categories and asserts attorney-client privilege and work-product protection for each. Several discovery responses, however, expressly identify categories of responsive material being withheld that cannot readily be reconciled from the face of the log with a particular entry.

Most notably, responses concerning the January 15 termination letter state that Defendants are withholding responsive **drafts, edits, comments, revisions, and metadata drafted or edited by counsel**. The July 22 privilege log does not facially identify which entry or entries encompass those termination-letter materials.

Likewise, Winsupply Inc.'s interrogatory responses expressly state that attorney-client communications involving Roger Lewis and Rob Ferguson are being withheld. The privilege log identifies a January 15 email chain that includes Roger Lewis, Marc Cleere, counsel, and numerous other persons, but Rob Ferguson is not facially identified in that entry.

Under Federal Rule of Civil Procedure 26(b)(5)(A), when otherwise discoverable information is withheld on a claim of privilege or work-product protection, the claim must be expressly made and the nature of the withheld material described in a manner that, without revealing privileged or protected information itself, enables the other parties to assess the claim.

Plaintiff therefore requests identification of the privilege-log entry or entries corresponding to each category of responsive material that Defendants expressly state they are withholding and supplementation of the log where necessary to permit assessment of the privilege or protection asserted.

Plaintiff is not presently asserting that any privilege or protection has been waived and is not requesting production of material properly protected by the attorney-client privilege or work-product doctrine. The purpose of this request is to reconcile Defendants' express withholding representations with the privilege log and permit the asserted protections to be evaluated.

Plaintiff also notes that one privilege-log entry is dated **01/14/16** and describes Harris County search results performed by David Haines. Please confirm whether that date is correct or is a typographical error.

**VI. Requested Cure**

To resolve these issues without court intervention, please provide:

1. the supplemental interrogatory answers and clarifications identified above;
2. the limited RFA clarifications identified above;
3. clarification of Winsupply Inc.'s response to RFP No. 4;
4. corrected responses to Winsupply Inc. RFP Nos. 5 and 6;
5. completed production identifiers in place of the Winsupply NE [●] placeholders;
6. confirmation of the manner in which the responsive production was organized under Rule 34 and whether the production promised in Defendants' responses has been completed;
7. any outstanding responsive nonprivileged production;
8. identification of the privilege-log entries corresponding to the categories Defendants expressly state they are withholding, together with any supplementation necessary to permit assessment of the claimed privilege or protection; and

9. confirmation or correction of the 01/14/16 privilege-log date.

If Defendants maintain that any identified response is complete as served, please state that position clearly so the parties can identify and narrow any remaining dispute without unnecessary motion practice.

**VII. Meet and Confer**

Plaintiff requests that the parties confer in good faith regarding these issues. Please provide the supplemental responses, production information, and privilege-log clarification described above by August 21, 2026, or advise promptly if Defendants propose a different reasonable schedule.

If issues remain after Defendants respond to this letter, Plaintiff is available to confer by telephone or videoconference before either side seeks judicial intervention. Plaintiff's objective is to narrow or eliminate any remaining discovery dispute through the good-faith conference process required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule CV-7.

**VIII. Reservation and Closing**

This letter is limited to the deficiencies and clarification issues presently identified from Defendants' discovery responses, production references, and privilege log. It does not waive Plaintiff's right to seek supplementation concerning information later shown to be materially incomplete or incorrect, nor does it concede the validity or applicability of any objection, privilege assertion, or work-product claim.

Plaintiff reserves all rights concerning the discovery at issue, including the right to seek appropriate relief if the parties are unable to resolve a remaining dispute after good-faith conference.

I hope these issues can be resolved cooperatively and without court intervention.

Respectfully,

**Ronald A. Blair**
Plaintiff, Pro Se