# EXHIBIT C

## Relevant Discovery Requests Served on Plaintiff August 5, 2026

Marc Cleere — Interrogatory No. 15 and Requests for Production Nos. 2–4

Winsupply NE San Antonio TX Co. — Request for Production No. 31

Winsupply Inc. — Interrogatories Nos. 7–8 and Requests for Production Nos. 6 and 26

contractor network" or elsewhere that You contend was lost or disrupted as a result of Defendant Cleere's alleged conduct, identify the identity of the prospective counterparty, the nature of the opportunity, the anticipated compensation or economic value, and the stage of development of the opportunity at the time it was allegedly lost.

**INTERROGATORY NO. 11:**
For each prospective business relationship identified in response to Interrogatory No. 10, describe the "independently tortious or unlawful conduct" You attribute to Defendant Cleere that You contend constitutes the basis for Your tortious interference claim.

**INTERROGATORY NO. 12:**
State the facts supporting Your contention that Defendant Cleere acted with the specific intent to interfere with Your prospective business relationships, or with knowledge that such interference was substantially certain to occur, as alleged in Your Complaint.

**INTERROGATORY NO. 13:**
State all facts supporting Your contention that Defendant Cleere's alleged conduct was the proximate cause of the loss of each prospective business relationship identified in Your response to Interrogatory No. 11.

**INTERROGATORY NO. 14:**
Identify the recorded telephone call (i.e. oral Communication) referenced in Your Complaint with Kevin Wilson.

**INTERROGATORY NO. 15:**
Identify each oral and written Communication between You and Michael Harris of Milford Companies regarding statements allegedly made by Defendant Cleere.

**INTERROGATORY NO. 16:**
Identify all Communications made by You, whether orally, in writing, or through any electronic or social media platform, regarding Defendant Cleere, Winsupply NE San Antonio TX Co., Winsupply Inc., or any of their officers, directors, employees, or agents at any time from July 21, 2025 to the present, and if so, identify: (a) the substance of each such statement; (b) the date and medium of each statement; and (c) the identity of each person to whom each statement was published or made available.

## REQUESTS FOR PRODUCTION

**Request for Production No 1:**
All Documents that evidence, memorialize, refer to, or reflect any statement You contend Defendant Cleere made to any third party concerning Your litigation history, including but not limited to writings, emails, text messages, recordings, transcripts, notes of conversations, and any Documents reflecting the substance of any oral statement.

**Request for Production No 2:**
All Documents constituting, reflecting, or memorializing any Communication between You and Michael Harris of Milford Companies, including but not limited to recordings, emails, text messages, call logs, voicemails, letters, and notes of conversations, from January 1, 2026 to the present.

**Request for Production No 3:**
All Documents constituting, reflecting, or memorializing any Communication between You and Kevin Wilson regarding statements allegedly made by Defendants or any person associated with Romar Supply, Winsupply NE San Antonio TX Co., or Winsupply Inc. concerning You, including the recorded telephone call referenced in Paragraph 69 of the Complaint.

**Request for Production No 4:**
A complete and unedited copy of the recording referenced in Paragraph 69 of the Complaint, together with any transcripts, summaries, or notes You or anyone acting on Your behalf has prepared in connection with that recording.

**Request for Production No 5:**
All Documents Relating to any Communication You received from any third party informing You that Defendant Cleere or any other Defendant made statements about You, Your litigation history, or Your employment with Defendants to persons outside the company, including but not limited to Communications from Rowdy May, Joe White, Jeromy Faggard, and any other industry contact referenced in the Complaint.

**Request for Production No 6:**
All Documents Relating to or evidencing Your complete litigation history, including but not limited to copies of all complaints, petitions, charges, applications, or other initiating documents You have filed in any court, agency, or tribunal at any time, and any court orders, judgments, or dispositive rulings entered in any such proceeding.

**Request for Production No 7:**
All Documents Relating to or evidencing any cease-and-desist letter, demand letter, warning, or similar communication You have received from any person or entity at any time Relating to Your litigation activity, social media postings, or communications with third parties, including but not limited to any such communication from Ferguson Enterprises or its counsel.

**Request for Production No 8:**
All Documents constituting, reflecting, or evidencing any post You have made on LinkedIn, Substack, or any other social media or internet platform at any time from January 1, 2025 to the present Relating to: (a) Defendant Cleere; (b) Winsupply NE San Antonio TX Co.; (c) Winsupply Inc.; (d) Ferguson Enterprises or any related entity; (e) any litigation in which You have been a party; or (f) any person named as a defendant in any of Your prior lawsuits, including Kevin Murphy, Judge Hoyt, Joel Allen, Cory Ford, or Joe Smith.

in the Complaint, including any public court records You rely upon to assert that the factual assertions in the termination letter (Exhibit A to Complaint) are false.

**Request for Production No 27:**
All documents reflecting any communication between You and Kevin Wilson, including any recordings, concerning statements allegedly made by Romar Supply or any Defendant regarding You or Your alleged litigation history.

**Request for Production No 28:**
All documents reflecting any communication between You and any third party in which You discussed or referenced the statements attributed to Defendant in the Complaint, including communications with Rowdy May, Joe White, Jeromy Faggard, or any other industry participant.

**Request for Production No 29:**
All documents You contend demonstrate that Defendant's alleged statements were made with knowledge of their falsity or with reckless disregard for their truth or falsity.

**Request for Production No 30:**
All documents reflecting, referring to, or relating to the special damages You claim to have suffered as a result of Defendant's alleged business disparagement, including but not limited to documents quantifying the pecuniary losses identified in Paragraph 152 of the Complaint.

**Request for Production No 31:**
All documents reflecting, referring to, or relating to Your discussions with Milford Companies about any employment opportunity, including all communications between You and Jeremy Hohn, Michael Harris, or any other Milford representative, from initial contact through the cessation of those discussions.

**Request for Production No 32:**
All documents reflecting, referring to, or relating to Your discussions with Aquatherm, including Michael Segala, concerning any prospective employment, consulting, or management opportunity, including all communications from the inception of such discussions through the present.

**Request for Production No 33:**
All documents reflecting, referring to, or relating to Your professional relationships with any individual or entity within the contractor network associated with the SpaceX project, including any communications with Rowdy May, Joe White, Jeromy Faggard, or any other industry participant that allegedly ceased or were disrupted following Defendant's alleged statements.

**Request for Production No 34:**
All documents reflecting the reasons for the cessation of communications between You and Milford Companies, Aquatherm, or any other prospective employer or business associate identified in the Complaint.

**Request for Production No 35:**
All documents reflecting, calculating, or supporting the amount of unpaid and underpaid compensation You claim is owed under Your employment agreement, including any analysis of the difference between the amounts actually paid and the amounts You contend were required and

## INTERROGATORIES

**INTERROGATORY NO. 1:**
State all facts on which you base your contention that Defendant was your employer.

**INTERROGATORY NO. 2:**
Identify all documents that support your contention that Defendant was your employer.

**INTERROGATORY NO. 3:**
State all facts that support your contention that Defendant exercised control over material aspects of Your employment.

**INTERROGATORY NO. 4:**
For the period You were employed with Winsupply NE San Antonio Tx Co., identify each employee of Defendant Winsupply Inc. with whom You had direct contact regarding any aspect of your employment with Winsupply NE San Antonio Tx Co., including but not limited to:

(a) allegedly unpaid compensation;
(b) the performance of Your tasks and duties for Winsupply NE San Antonio Tx Co.; and
(c) alleged discrimination and/or harassment.

**INTERROGATORY NO. 5:**
For each individual identified in Your response to Interrogatory 4, identify and describe each Communication You had with those employees of Defendant regarding the information in subparts (a)-(c) of Interrogatory 4.

**INTERROGATORY NO. 6:**
Identify each employee or representative of Defendant to whom You complained about sexual harassment by any employee of Defendant (i.e., Winsupply Inc).

**INTERROGATORY NO. 7:**
State all facts on which you base your contention that Defendant was involved in Your termination from employment with Winsupply NE San Antonio Tx Co.

**INTERROGATORY NO. 8:**
Identify each employee or representative of Defendant Winsupply Inc. who you assert participated in the decision to terminate Your employment with Winsupply NE San Antonio Tx Co.

**INTERROGATORY NO. 9:**
State all facts on which you base your contention that Defendant made or published false statements regarding You to third parties.

**INTERROGATORY NO. 10:**
Identify the employees of Defendant that you allege made false statements about You to third parties.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request for Production No 1:**
All documents You contend support Your allegation that Winsupply Inc. exercised centralized control over payroll, human resources, and employment policies applicable to Your employment, as alleged in Paragraph 8 of the Complaint, including any documents reflecting Winsupply Inc.'s involvement in setting, administering, or overseeing the terms and conditions of Your employment as distinct from the role of Winsupply NE or Marc Cleere.

**Request for Production No 2:**
All documents You contend support Your allegation that Winsupply Inc. and Winsupply NE acted as joint employers or as an integrated enterprise with respect to Your employment, including any documents reflecting the division of supervisory authority over You, payroll administration, human resources functions, or employment decision-making between Winsupply Inc. and Winsupply NE as separate entities.

**Request for Production No 3:**
All documents reflecting any direct communication between You and any representative of Winsupply Inc. — as distinguished from Winsupply NE or Marc Cleere — during your employment with Winsupply NE, including communications with corporate human resources, payroll, Employee Services, or any other Winsupply Inc. department or personnel.

**Request for Production No 4:**
All documents reflecting that Your Form W-2 was issued by or through Winsupply Inc., including all W-2 forms, pay stubs, wage statements, and other compensation documents identifying Winsupply Inc. as Your employer or the issuing or administering entity.

**Request for Production No 5:**
All documents You contend demonstrate that Winsupply Inc. maintained payroll authority over Your compensation, as distinct from any role played by Winsupply NE, including any documents reflecting Winsupply Inc.'s control over the timing, amount, or method of payment of Your wages, salary, or other compensation.

**Request for Production No 6:**
All documents You contend demonstrate that Winsupply Inc. participated in employment-related decision-making concerning Your January 12, 2026 letter and termination, as alleged in Paragraph 9 of the Complaint, including any documents reflecting Winsupply Inc.'s specific role in reviewing, approving, ratifying, or directing Your termination as distinct from any decision made solely by Winsupply NE.

**Request for Production No 7:**
All documents reflecting any communication between You and Roger Lewis in his capacity as an Area Leader or in any other role within the Winsupply Inc. corporate organization, and any documents distinguishing Lewis's actions on behalf of Winsupply Inc. from actions on behalf of Winsupply NE.

**Request for Production No 8:**
All documents reflecting any communication between You and Rob Ferguson or any other

defamatory statements made about You to third parties, including any documents reflecting that statements by Winsupply Inc. employees to Milford Companies representatives, SpaceX contractor network participants, or other industry contacts were made within the course and scope of their employment, were ratified by Winsupply Inc., or were made using Winsupply Inc. corporate authority.

**Request for Production No 26:**
All documents reflecting any communication between You and Michael Harris, Jeremy Hohn, or any other Milford Companies representative in which alleged defamatory statements by Winsupply Inc. are discussed or referenced, including any statements identifying Winsupply Inc. as the source or ratifier of those statements as distinguished from Winsupply NE or Marc Cleere individually.

**Request for Production No 27:**
All documents You contend demonstrate the falsity of any statement attributed to Winsupply Inc. in the Complaint, including any public court records You rely upon to assert that the factual assertions in the termination letter (Exhibit A to Complaint) are false.

**Request for Production No 28:**
All documents reflecting any communication between You and any third party in which You discussed or referenced statements attributed to Winsupply Inc. or to any Defendant acting under Winsupply Inc.'s authority or ratification, including communications with Rowdy May, Joe White, Jeromy Faggard, or any other industry participant.

**Request for Production No 29:**
All documents You contend demonstrate that Winsupply Inc. knew the alleged statements about Your litigation history were false or acted with reckless disregard for their truth or falsity, including any documents reflecting Winsupply Inc.'s access to or knowledge of Your actual litigation record as distinct from the knowledge of Winsupply NE or Marc Cleere.

**Request for Production No 30:**
All documents reflecting, referring to, or relating to the special damages You claim to have suffered as a result of business disparagement attributable to Winsupply Inc., including but not limited to documents quantifying the pecuniary losses identified in Paragraph 152 of the Complaint and any documents distinguishing damages caused by Winsupply Inc.'s conduct from damages caused by the conduct of Winsupply NE or Marc Cleere.

**Request for Production No 31:**
All documents You contend demonstrate that Winsupply Inc. acted with intent to interfere with Your prospective business relationships or with knowledge that such interference was substantially certain to occur, as distinguished from any intent attributable solely to Winsupply NE or Marc Cleere individually.

**Request for Production No 32:**
All documents reflecting any medical, psychological, psychiatric, or counseling treatment You