**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| **RONALD A. BLAIR,** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | Civil Action No. 1:26-cv-01216-RP |
| | § | |
| **WINSUPPLY NE SAN ANTONIO TX** | § | |
| **CO.;** | § | |
| **WINSUPPLY INC.;** and | § | |
| **MARC CLEERE, Individually,** | § | |
| Defendants**.** | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF EXPEDITED MOTION FOR LIMITED PROTECTIVE AND SEQUENCING RELIEF UNDER RULE 26**

## I. INTRODUCTION

Defendants' Response does not dispute that Rule 26(d)(3) permits the Court to alter the ordinary sequence of discovery. The issue is whether the limited circumstances identified in Dkt. 25 justify doing so here.

Plaintiff does not claim priority because his discovery was served first. Dkt. 25 ¶ 11. Nor does the requested sequencing depend on an assumption of bad faith. It addresses an irreversible consequence of sequence: once directly corresponding evidence is disclosed, the opportunity to obtain Defendants' positions concerning their earlier discovery responses independently of that evidence cannot be recreated.

Plaintiff therefore seeks temporary sequencing—not nondisclosure—of seven requests and limited portions of two others. The September 4 deadline remains unchanged for all other discovery. If the Court finds Plaintiff's original trigger insufficiently definite, the same limited sequencing can be implemented through a short, Court-set, date-certain sequence, leaving neither party control over its duration.

## II. RULE 26 PERMITS THE LIMITED SEQUENCING REQUESTED HERE

Rule 26(d)(3) provides that discovery ordinarily proceeds without regard to which party served first, but permits the Court to order otherwise "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). Plaintiff expressly disclaimed first-served priority. Dkt. 25 ¶ 11. And the Fifth Circuit recognizes that "Rule 26(d) gives [the district] court wide discretion to craft flexible and nuanced terms of discovery." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 564 (5th Cir. 2016).

Plaintiff also does not dispute *In re Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), which requires a "particular and specific demonstration of fact." Dkt. 25 identifies the specific requests and corresponding earlier discovery, the unresolved clarification and supplementation process, the September 1 conference, the September 4 deadline, and Defendants' representation that additional information may follow the conference while document production continues. See Dkt. 25 ¶¶ 7–8, 12–22. Those are case-specific circumstances, not a generalized objection to reciprocal discovery.

They also **support** the asserted Rule 26(c) good cause. The claimed prejudice does not depend on predicting how Defendants would respond after disclosure; it is the loss of the pre-disclosure sequence itself. Once Plaintiff produces the identified corresponding evidence, any later clarification or supplementation necessarily occurs with knowledge of it, and the opportunity to obtain the earlier-requested information independently cannot be recreated. Temporary sequencing avoids that consequence without eliminating any discovery obligation.

Defendants' authorities do not foreclose Court-ordered sequencing. *Fresenius Medical Care Holding Inc. v. Baxter International, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004), rejected unilateral conditioning of discovery compliance on reciprocal production. Plaintiff instead

recognized that his September 4 obligations remain effective absent agreement or Court order and sought the order Rule 26(d)(3) permits. *Ghafoori v. Duncan*, No. 2:24-cv-03306-DJC-SCR, 2025 WL 3760680, at *3 (E.D. Cal. Dec. 23, 2025), involved avoidance of a deposition based on dissatisfaction with written discovery, not limited Court-ordered sequencing under Rule 26(d)(3). The sequencing interest is not a preference to hear Defendants' evidence first. It is obtaining Defendants' positions concerning their earlier responses, based on information presently available to them, independently of Plaintiff's directly corresponding evidence. That preserves the independent informational value of the earlier discovery without relieving Plaintiff of any ultimate obligation.

**III. DEFENDANTS' RESPONSE DEMONSTRATES THE SEQUENCING INTEREST**

The Harris discovery provides a concrete example. Cleere Interrogatory No. 5 acknowledged a post-termination Harris communication but omitted the requested date; Interrogatory No. 9 omitted additional requested information concerning Cleere's relationship and communications with Harris. Winsupply NE Interrogatory No. 6 answered "None" concerning specified third-party communications, while Interrogatory No. 7 disclosed a post-termination Harris communication. Plaintiff requested clarification without assuming contradiction. Dkt. 25 ¶¶ 12–13.

Defendants now characterize that communication as concerning customer coverage and the need for Harris to attend because Plaintiff was no longer employed—not Plaintiff's termination, litigation history, or alleged legal issues. Defs.' Resp. 7. Plaintiff does not ask the Court to determine whether that advocacy is factually correct, and the Response does not purport to supplement Defendants' discovery responses. Its narrower significance is that Defendants have

now stated their position concerning the communication before receiving Plaintiff's directly corresponding evidence—the sequence Plaintiff seeks temporarily to preserve.

The Response does not, however, supply all information identified in Dkt. 25 concerning the communication's date, when or how Cleere knew Harris, Cleere's understanding of Harris's Milford role, or the requested dates, methods, and general subject matter of communications. Dkt. 25 ¶ 12. Nor does it supply the outstanding clarification identified in Dkt. 25 concerning the Wilson and Winsupply Inc. participation issues.

Plaintiff does not contend that he cannot answer Defendants' discovery or lacks the responsive Wilson or Winsupply Inc. evidence. The issue is whether Defendants' positions concerning their earlier responses may first be obtained independently of Plaintiff's directly corresponding material. Temporary sequencing preserves that limited informational value while still requiring Plaintiff's responses.

## IV. A DATE-CERTAIN SEQUENCE RESOLVES DEFENDANTS' PRINCIPAL OBJECTION

Defendants raise two distinct objections to Plaintiff's post-conference proposal: unilateral control and the absence of an outside calendar date. The first was addressed before their Response. Plaintiff's August 26 response stated that neither party could unilaterally determine whether supplementation resolved an issue, and the proposed agreement permitted either party to seek appropriate relief if disagreement remained. Defs.' Exs. C–D. Plaintiff acknowledges that the proposal did not establish an outside date.

That concern can be eliminated without eliminating sequencing. If the Court finds the proposed trigger insufficiently definite, it may establish a short, date-certain sequence measured from its Order: a short period for any clarification or supplementation Defendants intend to provide concerning the corresponding earlier discovery, followed by a fixed deadline for Plaintiff's

sequenced responses. That would neither determine the sufficiency of Defendants' responses nor adjudicate a Rule 37 dispute, while preserving Rule 26(e) supplementation and providing a definite endpoint.

Plaintiff does not dispute that Defendants offered September 11 and later September 25 as date-certain extensions. Their September 25 proposal recognizes that supplementation may follow the September 1 conference. Defendants nevertheless maintain that Plaintiff should disclose the directly corresponding evidence without awaiting that supplementation. That is the sequencing question presented by Dkt. 25. Their proposals addressed time, not sequence: if the corresponding earlier discovery remained unresolved when either date arrived, Plaintiff would still disclose the directly corresponding evidence first. Defendants themselves alternatively request a date certain if the Court finds limited accommodation appropriate. Thus, the duration concern can be resolved without denying sequencing.

The parties conferred concerning sequencing on August 25, exchanged proposed terms thereafter, and did not reach agreement. Plaintiff disclosed that post-filing procedural history in Dkt. 26 and sought no additional relief.

**V. CONCLUSION**

Plaintiff does not seek nondisclosure, general discovery priority, or an indefinite suspension of his obligations. He seeks temporary sequencing of the specifically identified directly corresponding discovery so that Defendants may state their positions concerning the corresponding earlier discovery independently of Plaintiff's directly corresponding evidence before Plaintiff produces it.

Plaintiff respectfully requests that the Court grant the limited sequencing relief requested in Dkt. 25. Alternatively, if the Court concludes that Plaintiff's proposed trigger lacks sufficient date

certainty, Plaintiff requests a short, date-certain sequence measured from the Court's Order under which Defendants may first provide any clarification or supplementation they intend to provide concerning the corresponding earlier discovery, followed by a fixed deadline for Plaintiff's responses to the specifically sequenced requests. The September 4 deadline remains unchanged for all discovery not specifically sequenced.

August 31, 2026

Respectfully submitted,

/s/ Ronald A. Blair
Ronald A. Blair
2725 Woodall Drive, Unit 1804
Cedar Park, TX 78613
717-808-4671
r.anthony.blair@gmail.com

Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Ronald A. Blair
Ronald A. Blair
Plaintiff, Pro Se