# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Ronald A. Blair,**<br>*Plaintiff* | §<br>§<br>§ | |
| **v.** | § | **No. 1:26-cv-01216-RP** |
| **Winsupply NE San Antonio TX Co., Winsupply Inc., and Marc Cleere,**<br>*Defendants* | §<br>§<br>§ | |

## ORDER

Before the Court are Plaintiff's Expedited Motion for Limited Protective and Sequencing Relief Under Rule 26, filed August 24, 2026 (Dkt. 25); and Defendants' Response (Dkt. 27) and Plaintiff's Reply, both filed August 31, 2026 (Dkt. 28).[1] During the Initial Pretrial Conference by telephone on September 14, 2026, the Court heard arguments on the motion from Plaintiff Ronald Blair, who is proceeding *pro se*, and Defendants, who appeared through counsel.

Blair asks the Court to defer his obligation to respond to some of Defendants' discovery requests and require Defendants to supplement their discovery responses before he responds. The Court finds that Blair has not shown good cause for sequenced discovery. "The obligation of Plaintiff and Defendant to comply with the discovery requests of the opposing party are independent of each other." *Poon v. Visa U.S.A. Inc.*, No. A-21-CV-569-RP, 2023 WL 5167013, at *2 (W.D. Tex. Jan. 17, 2023). Defendants' alleged failure to fully respond to Blair's discovery requests "does not relieve Plaintiff of [his] obligation to respond to discovery." *Id.*

[1] By Text Order issued August 28, 2026, the Honorable Robert Pitman referred this motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Blair also did not satisfy the conference requirement of Local Rule CV-7(g) before filing:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

If an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement. *Id.* Parties or their counsel, if they are represented, must "confer, deliberate, converse, or compare views with a goal of resolving the dispute." *Noble Cap. Fund Mgmt., LLC v. US Cap. Glob. Inv. Mgmt., LLC*, No. 1:20-CV-01247-DAE, 2024 WL 5505578, at *1 (W.D. Tex. Nov. 7, 2024) (citation omitted); *see also McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse")). The Court may strike any future nondispositive motion if the filer has not satisfied the conference requirement before filing.

For these reasons, the Court **DENIES** Plaintiff's Expedited Motion for Limited Protective and Sequencing Relief Under Rule 26 (Dkt. 25) and **ORDERS** Blair to respond to Defendants' discovery requests **by October 15, 2026**.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 14, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE