IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD A. BLAIR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-01216-RP |
| WINSUPPLY NE SAN ANTONIO TX CO.; WINSUPPLY INC.; and MARC CLEERE, Individually, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**NONPARTY 5-F MECHANICAL GROUP, INC.'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Nonparty 5-F Mechanical Group, Inc. ("5-F"), by and through its counsel of record, ANDREWS MYERS, P.C., and pursuant to Federal Rules of Civil Procedure 26(b)(1), 26(b)(2)(C), 26(c), and 45, files this Motion to Quash Subpoena and for Protective Order regarding the Subpoena to Produce Documents, Information, or Objects issued by Plaintiff Ronald A. Blair, proceeding pro se ("Plaintiff"), on October 14, 2026 (the "Subpoena"), and in support thereof would respectfully show the Court as follows:

## I. SUMMARY

This motion asks the Court to protect a nonparty mechanical contractor from a subpoena that would make 5-F a discovery target in Plaintiff's employment and business-tort action against Winsupply NE San Antonio TX Co., Winsupply Inc., and Marc Cleere. The Subpoena demands broad collections from ten potential custodians,

company systems, personal accounts and devices to the extent within 5-F's control, and records spanning January 1st through October 13, 2026.

5-F is not a party to this action and is not alleged to have made the statements at issue. The Court should quash the Subpoena or enter a protective order because:

a. The Subpoena imposes undue burden, expense, and privacy intrusion on a nonparty;

b. The information sought is obtainable from the parties, particularly the Defendants' own communications and the termination letter;

c. Requests 2, 4, 5, and 6 seek 5-F's internal business deliberations and evaluations rather than evidence of Defendants' statements;

d. The Subpoena provides insufficient time and threatens disclosure of confidential commercial information and employee privacy interests; and

e. After a good-faith inquiry of each individual listed in the Subpoena, 5-F has no documents responsive to any of the Requests.

## II. Background

1. This civil action is pending in the Western District of Texas, Austin Division, between Plaintiff Ronald A. Blair and Defendants Winsupply NE San Antonio TX Co., Winsupply Inc., and Marc Cleere. Plaintiff filed the Complaint on May 8, 2026. Complaint, Dkt. 1 (May 8, 2026). Discovery closes March 15, 2027. Scheduling Order, Dkt. 31 (Sept. 14, 2026).

2. The Complaint asserts claims only against the Winsupply entities and Cleere for breach of contract, Title VII retaliation, hostile work environment, defamation, business disparagement, and tortious interference with prospective business relations. 5-F is a nonparty and is not named as a defendant.

3. Plaintiff issued the Subpoena on October 14, 2026, directed to 5-F's records custodian c/o its registered agent, David E. Schnautz, 15908 Hwy 290E, Elgin, Texas 78621. 5-F was served on October 22, 2026.

4. The Subpoena requests records for January 1 through October 13, 2026, together with materials attached to or circulated with responsive communications. It identifies ten potential custodians: Shelby Hennig, Rowdy May, Joe White, Kevin Wilson, Keegan Hyatt, Chris Miller, Michael Pitre, Graham Tarpley, Jeff Underwood, and Jeff Whitworth.

5. The Subpoena reaches email, text and messaging-application communications, calendars, notes, voicemail, and personal accounts or devices within 5-F's control. Its six requests broadly seek 5-F's communications with Defendants and Milford about Blair, 5-F's internal communications and business decisions concerning Blair, any copies of his termination letter or litigation materials, and records concerning the transition and evaluation of his work for 5-F from September 2025 through January 2026.

6. 5-F has never employed Ronald A. Blair. Mr. Blair was formerly a salesperson for Winsupply NE San Antonio TX Co., a vendor from which 5-F purchases materials. Moreover, the documents Mr. Blair seeks are not in the possession, custody, or control of any of the 5-F employees listed in the subpoena or any other 5-F employee. In any event, the requests are unreasonably cumulative, can be obtained from a more convenient source including the Winsupply defendants, and fall outside the scope of Rule 26(b)(1).

## III. Standard

7. Rule 45 protects a person subject to a subpoena from undue burden and expense. The court for the district where compliance is required must enforce that protection and must quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(i), (iv). To determine whether a subpoena presents an undue burden, courts in the Fifth Circuit weigh "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed," and where, as here, the subpoena is directed to a nonparty, the court may also consider the expense and inconvenience to the nonparty. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). A court may find undue burden where a subpoena is facially overbroad. *Wiwa*, 392 F.3d at 818.

8. The Court may also quash or modify a subpoena that requires disclosure of confidential research, development, or commercial information, or may order production only under specified conditions. Fed. R. Civ. P. 45(d)(3)(B)(i), (ii). A person commanded to produce documents may serve written objections before the earlier of the time specified for compliance or 14 days after service, after which production may be compelled only by court order, and may move to quash on timely motion. Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(A). 5-F served its written objections before the compliance date and files this Motion before that date.

9. Discovery must be relevant to a party's claims or defenses and proportional to the needs of the case. The Court must limit discovery that is unreasonably cumulative, obtainable from a more convenient source, or outside the proper scope of Rule 26(b)(1). FED. R. CIV. P. 26(b)(1), (b)(2)(C). Rule 26(c) further authorizes protective orders, for good cause, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1).

## IV. ARGUMENTS & AUTHORITIES

10. The Subpoena does the opposite of what Rule 45 requires: it treats a nonparty's personnel and systems as a repository for discovery into Defendants' alleged employment decisions and statements. The requested discovery should be quashed and obtained directly from Winsupply.

### A. The Subpoena Imposes Undue Burden and Expense on a Nonparty.

11. Rule 45(d)(1) requires Plaintiff to take reasonable steps to avoid imposing undue burden or expense on 5-F. The Subpoena instead requires a nonparty mechanical contractor to identify, collect, review, and produce records from ten potential custodians across multiple business and personal sources, even though 5-F has no claim or defense in this action.

12. The burden is not limited to a focused set of communications. It reaches email, texts, messaging applications, calendars, notes, voicemail and audio, personal accounts and devices within 5-F's control, and older attachments. It also spans approximately ten months and ten named custodians, requiring review for

responsiveness, privilege, confidentiality, and personal information.

13. The requests also intrude into employees' personal privacy. A demand for personal accounts or devices, even if limited to information within 5-F's possession, custody, or control, risks exposing unrelated personal communications and requires 5-F to determine what materials it can lawfully access and produce. That intrusion is unwarranted for a nonparty where the subpoena can be narrowed to company systems and targeted custodians.

14. The breadth, source range, custodian count, and review obligations collectively impose undue burden and expense within the meaning of Rule 45(d)(3)(A)(iv). The Court should quash the Subpoena or, at minimum, restrict it to a narrow set of company records and custodians as set out below.

### B. The Requested Information Is Obtainable from the Named Parties in This Lawsuit.

15. The Complaint attributes the alleged termination decision, the termination letter, and the communications about Blair's litigation history to Defendants. Defendants necessarily possess or control their own communications with Blair, Michael Harris, Winsupply personnel, and the SpaceX contractor network, as well as the January 15, 2026 termination letter and the materials used to prepare or distribute it.

16. Rule 26(b)(2)(C) requires the Court to limit discovery when the information can be obtained from a more convenient, less burdensome, or less expensive source. Plaintiff should first obtain the Defendants' own communications and termination materials from the Defendants. Indeed, Plaintiff is already pursuing

that discovery from Defendants. Plaintiff's Motion to Compel Communications and Governance Production is pending and has been referred to Magistrate Judge Hightower. Plaintiff's Motion to Compel Communications and Governance Production, Dkt. 35 (Oct. 19, 2026); Defendants' Response in Opposition, Dkt. 36 (Oct. 26, 2026); Plaintiff's Response in Support, Dkt. 38 (Oct. 26, 2026). Compelling 5-F to reconstruct or supplement those materials from its internal files is unnecessary and disproportionate.

17. The Defendants, not 5-F, are alleged to have made statements and taken the employment actions at issue. Requiring 5-F to produce its own internal records before Plaintiff obtains the Defendants' records would invert the proper discovery sequence and impose disproportionate costs on a nonparty.

18. Furthermore, acting in good faith, and despite having no obligation to undertake a burdensome search in a dispute to which it is not a party, 5-F circulated the Subpoena's requests to each custodian identified in Schedule A. 5-F asked each of them to determine whether he or she had any responsive documents or communications. None of the listed custodians, and no other 5-F employee, reported having any documents or communications responsive to the Subpoena's requests. Further compelled compliance would therefore impose burden and expense on a nonparty with no corresponding benefit to any party.

**C. Requests 2, 4, 5, and 6 Are Irrelevant or Disproportionate.**

19. Requests 2, 4, 5, and 6 seek 5-F's own internal communications, meeting and transition records, business decisions, and evaluations or assessments of Blair's

work. Those requests do not seek the statements allegedly made by Cleere or the Winsupply entities. They instead seek to investigate 5-F's independent business deliberations and relationships with Blair.

20. Plaintiff alleges that Kevin Wilson said, on a recorded call, that persons associated with the SpaceX project had been instructed by Romar not to engage Blair for "legal reasons." But Plaintiff expressly concedes that the substance of what was communicated to the SpaceX network "is not yet established" and rests on a "plausible inference." That pleading does not justify a broad search of 5-F's internal deliberations, calendars, evaluations, and employee devices.

21. The Complaint names Rowdy May and Joe White as contacts who ceased communications, but it does not allege that 5-F made statements attributed to Defendants or that 5-F participated in any defamation or interference. Requests 2, 4, 5, and 6 therefore exceed the relevant subject matter and are not proportional to the needs of the case under Rule 26(b)(1).

22. At most, a narrowly tailored request for communications directly exchanged between 5-F and the Defendants about Blair could bear on the pleaded issues. The present Schedule A, however, turns that limited possibility into a fishing expedition through 5-F's own business records and employee assessments. The Court should therefore quash Requests 2, 4, 5, and 6 for the reasons stated above. The Court should also quash Requests 1 and 3. In good faith, 5-F attempted to locate documents responsive to those Requests from each individual listed in the Subpoena, and based on their responses, 5-F does not have the documents Plaintiff seeks. Because 5-F has

no responsive documents, the Court should quash the Subpoena in its entirety.

**D. The Subpoena Risks Disclosure of Confidential Commercial Information and Employee Privacy.**

23. Requests 2, 4, 5, and 6 seek 5-F's internal business deliberations, customer coverage and transition information, business decisions, and employee assessments. Those materials may reveal confidential commercial information, internal operating judgments, customer and project information, and private employee communications unrelated to Defendants' alleged conduct. Rule 45(d)(3)(B)(i) permits protection from disclosure of confidential commercial information, and Rule 26(c) permits protective relief against undue burden and privacy intrusion.

24. The Order Granting Motion for Entry of Confidentiality and Protective Order, Dkt. 20 (Aug. 12, 2026), does not eliminate the burden of collecting irrelevant information or the privacy intrusion from searching personal sources, and it provides no reason to compel a nonparty to search further for documents it has already confirmed it does not have.

**E. A Protective Order Is Warranted.**

25. 5-F may seek a protective order under Rule 26(c) because it is a nonparty facing undue burden, expense, confidentiality risk, and employee-privacy concerns. The Court should quash the Subpoena in full. Modification would not cure these defects. 5-F has already circulated the Subpoena's requests to each custodian identified in Schedule A, and neither those custodians nor any other 5-F employee reported having documents or communications responsive to any request. Because no

modified subpoena would yield responsive material, any further compelled search would impose burden and expense on a nonparty with no corresponding benefit.

26. Accordingly, 5-F respectfully requests that the Court quash the Subpoena in its entirety and enter a protective order providing that 5-F need not respond to the Subpoena or to any subpoena seeking the same categories of information.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Nonparty 5-F Mechanical Group, Inc., asks the Court to quash the Subpoena in its entirety and enter a protective order that:

a. quashes Requests 1 through 6 in their entirety;

b. provides that 5-F need not respond to the Subpoena or to any subpoena seeking the same categories of information; and

c. awards 5-F all other relief to which it is justly entitled.

[*Signature Block on Next Page*]

Respectfully submitted,

**ANDREWS MYERS, P.C.**
919 Congress Ave., Suite 1050
Austin, Texas 78701
512.900.3012 (telephone)
512.900.3082 (facsimile)

By: */s/ Varun C. Reddy*
**Andrew S. Harris**
State Bar No. 24090146
aharris@andrewsmyers.com
**Varun C. Reddy**
State Bar No. 24143325
vreddy@andrewsmyers.com

**COUNSEL FOR NONPARTY,**
**5-F MECHANICAL GROUP, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Western District of Texas Local Rule CV-7(g), I hereby certify that on November 4, 2026, counsel for nonparty 5-F Mechanical Group, Inc., conferred in good faith by telephone with Plaintiff Ronald A. Blair regarding the relief sought by this Motion. During the call, counsel informed Plaintiff that 5-F had made a good-faith inquiry of the individuals identified in the Subpoena and has no documents responsive to the Subpoena's requests. Plaintiff did not agree to withdraw the Subpoena. Accordingly, the parties were unable to resolve the matters raised in this Motion and the Motion is presented to the Court for determination.

*/s/ Varun C. Reddy*
Varun C. Reddy

## CERTIFICATE OF SERVICE

I certify that on November 5, 2026, a true and correct copy of this document was served by electronic service and certified mail on Ronald A. Blair, Plaintiff, pro se, at 2725 Woodall Drive, Unit 1804, Cedar Park, Texas 78613, r.anthony.blair@gmail.com, and through the Court's CM/ECF system on counsel of record for Defendants Winsupply NE San Antonio TX Co., Winsupply Inc., and Marc Cleere.

*/s/ Varun C. Reddy*
Varun C. Reddy